Irene Karbelashvili, State Bar Number 232223
Law Office of Irene Karbelashvili
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Kenneth J. Pinto, State Bar Number 221422
Law Office of Kenneth J. Pinto
12 South First Street, Suite 713
San Jose, CA 95113
Telephone: (408) 289-1765
Fax: (408) 289-1754

Attorneys for RICHARD JOHNSON, Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNSON<br>　　　　Plaintiff,<br><br>vs.<br><br>RANDIP S. MANRAO and PUSHPA D. MANRAO, collectively TRUSTEES OF THE MANRAO FAMILY TRUST; 7-ELEVEN, INC., a Texas corporation, d/b/a SEVEN ELEVEN STORE 2234 a/k/a 7-ELEVEN FOOD STORE; and DOES 1 through 10, Inclusive,<br>　　　　Defendants. | Case No.<br><br>*Civil Rights*<br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990** |

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 1 of 14

**REQUEST FOR JURY TRIAL**

Plaintiff RICHARD JOHNSON ("Plaintiff") by and through his attorneys, Irene Karbelashvili and Kenneth J. Pinto, hereby brings this Complaint against Defendants RANDIP S. MANRAO and PUSHPA D. MANRAO, collectively TRUSTEES OF THE MANRAO FAMILY TRUST; 7-ELEVEN, INC., a Texas corporation, d/b/a SEVEN ELEVEN STORE 2234 a/k/a 7-ELEVEN FOOD STORE; and DOES 1 through 10, Inclusive (collectively, "Defendants") for violation of the Americans with Disabilities Act ("ADA") and related state laws.

## II.   INTRODUCTION:

1. Richard Johnson brings this Complaint alleging that the owners, operators, lessors, and/or lessees of the shopping center known as Cahalan Square (the "Center") and the 7-Eleven Store (the "7-Eleven") located at or around 5750 Santa Teresa Boulevard in San Jose, California, have failed to comply with their obligation under Title III of the ADA by failing to provide their goods and services to him in a readily accessible manner on the basis that he is disabled and requires accessible facilities, and have failed to modify their policies and procedures as necessary to offer him the full and equal use of the Center's facilities and services. Plaintiff seeks injunctive relief to make the Center and the 7-Eleven readily accessible for himself and other persons with mobility disabilities in compliance with Title III of the Americans with Disabilities Act ("ADA") and related state civil rights statutes; and request modification of discriminatory policies and procedures. Plaintiff's claims are based on Defendants' failure to provide Plaintiff full and equal access to the "goods, services, facilities, privileges, advantages, or accommodations" of the Center and the 7-Eleven because Plaintiff is a disabled individual and requires the use of a wheelchair, in places of public accommodations.

2. Plaintiff alleges that Defendants have denied and continue to deny him the ability to use, enjoy, or benefit from the Center and the 7-Eleven in a full and equal manner by creating and/or maintaining architectural barriers at the Center and the 7-Eleven, and by utilizing discriminatory policies and practices.

3. Plaintiff brings the instant action seeking an injunction to require Defendants to make

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 2 of 14

the Center and the 7-Eleven readily accessible to disabled persons who use wheelchairs or other mobility aids, to stop their discriminatory policies, and to remedy the discrimination that has already occurred. Plaintiff alleges that Defendants have violated their obligations under Title III of the ADA and California laws - including Health & Safety Code § 19955 *et seq.*, Unruh Civil Rights Act [Civil Code § 51], and Disabled Persons Act [Civil Code § 54 *et seq.*], to provide them, and others using wheelchairs, full and equal access to and enjoyment of the Center's "goods, services, facilities, privileges, advantages, or accommodations."

## II.   PARTIES:

4. Plaintiff is a qualified physically disabled person with a physical "disability" as defined by Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff was in a motorcycle accident, which left him paralyzed from the waist down. He requires the use of a wheelchair for mobility. Johnson possesses a DMV issued disabled parking placard and is entitled to park in disabled accessible parking spaces, including van accessible parking spaces, and to travel on and along public paths of travel between such parking facilities and areas to which the general public is invited. He is also entitled to fully accessible facilities with the public areas of the Store. Johnson is, and at all times relevant hereto was, a resident of California.

5. On information and belief, Defendants RANDIP S. MANRAO and PUSHPA D. MANRAO, collectively TRUSTEES OF THE MANRAO FAMILY TRUST; 7-ELEVEN, INC., a Texas corporation, d/b/a SEVEN ELEVEN STORE 2234 a/k/a 7-ELEVEN FOOD STORE are the owners, operators, lessors, and/or lessees of the Center and 7-Eleven.

6. Plaintiff is informed and believe that each of the named Defendants herein, including RANDIP S. MANRAO and PUSHPA D. MANRAO, collectively TRUSTEES OF THE MANRAO FAMILY TRUST; 7-ELEVEN, INC., a Texas corporation, d/b/a SEVEN ELEVEN STORE 2234 a/k/a 7-ELEVEN FOOD STORE; and DOES 1 through 10, inclusive, are the agent, ostensible agent, alter ego, master, servant, trustor, trustee, employer, employee, representative, franchiser, franchisee, lessor, lessee, joint venturer, parent, subsidiary, affiliate, related entity, partner, and/or associate, or such similar capacity, of each of the other Defendants,

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 3 of 14

and was at all times acting and performing, or failing to act or perform, within the course and scope of such similar aforementioned capacities, and with the authorization, consent, permission or ratification of each of the other Defendants, and is personally responsible in some manner for the acts and omissions of the other Defendants in proximately causing the violations and damages complained of herein, and have participated, directed, and have ostensibly and/or directly approved or ratified each of the acts or omissions of each other Defendant, as herein described. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants DOES 1 through 10, inclusive are ascertained. References to "Defendants," unless otherwise specified, shall be deemed to refer to all Defendants and each of them.

### III. JURISDICTION AND VENUE:

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including, but not limited to, violations of Health & Safety Code § 19955 *et seq.;* and California Civil Code §§ 51, 54, and 54.1.

8. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District.

### IV. FACTS:

9. The Center and the 7-Eleven are a "place of public accommodation" as defined under Title III of the ADA and California civil rights laws. Civil Code §§ 51, 54 *et seq.*, and Health & Safety Code § 19955 *et seq.]* Plaintiff alleges that the Center and 7-Eleven are not readily accessible to persons with disabilities in violation of their rights under the ADA and California civil rights laws and regulations.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 4 of 14

10. On information and belief, the Center and the 7-Eleven are modified after January 26, 1992, independently triggering access requirements under the ADA. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2).

11. Plaintiff occasionally shops at the Center. The Center is convenient for Plaintiff to shop at because a number of stores, including but not limited to the 7-Eleven, that Plaintiff is a frequently visits are found at the Center. Unfortunately, the failure of Defendants to comply with the ADA causes extreme burden for Plaintiff each time he frequents the establishment. Lack of reasonable accommodations makes Plaintiff not only feel like a second class citizen but also makes him embarrassed and fear for his safety.

12. The parking lot at the Center has numerous violations which increase the likelihood that Plaintiff, and others similarly situated customers, will suffer serious physical injuries. For example, while there is an ADA parking area in front of the 7-Eleven, there is no sign indicating that only disabled individuals are permitted to park in these parking spaces. As a result, vehicles without disabled parking permits fill the parking spaces which forces Plaintiff to park at a considerable distance from the 7-Eleven's entrance. Whenever Plaintiff parks far away from the entrance, he must then navigate across the parking lot while in fear of being struck by a backing out vehicle.

13. Even when Plaintiff is able to park his vehicle in the ADA parking area he is still exposed to numerous hazards. The ADA parking access aisle in front of the 7-Eleven, for example, is steep. Because of the steep slope, Plaintiff must use extra precaution when exiting his vehicle due to the likelihood of him losing control of his wheelchair. Furthermore, the 7-Eleven curb ramp slopes are also too steep for Plaintiff and subsequently increases the likelihood of Plaintiff suffering serious injuries. Lastly, a path of travel from the public right of way, the purposes of which is to create a zone of safety for disabled pedestrians, is nonexistent.

14. Plaintiff also suffers extreme embarrassment because of the barriers that he encounters at the Center. For example, the ADA parking access aisle in front of the 7-Eleven is striped in white, which results in customers to mistake the access aisle for a parking spot for their vehicles. With little to no room for his wheelchair, Plaintiff is forced to struggle in exiting his

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 5 of 14

van in front of other patrons. Similarly, the entrance doors to some of the shops at the Center are so narrow that Plaintiff is unable to enter the buildings with ease.

15. Plaintiff wants to have the opportunity to enjoy the goods and services offered at the Center. However, persistent discrimination by Defendants against the disabled has left Plaintiff feeling embarrassed and fear for his safety. Plaintiff will continue to feel like a second class citizen until the Center and the 7-Eleven become ADA compliant.

16. On information and belief there are additional access barriers that deny, exclude, or otherwise deter people with mobility disabilities from the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the Center and the 7-Eleven to the general public, including, but not limited to: 1) driveway tow away sign lacks information; 2) no path of travel from public right of way; 3) no ADA parking sign in front of the 7-Eleven; 4) the ADA parking access aisle in front of the 7-Eleven striped in white; 5) the ADA parking access aisle in front of the 7-Eleven is steep; 6) the ADA parking in front of the 7-Eleven is steep; 7) the curb ramp does not differ in color from sidewalk; 8) the 7-Eleven curb ramp does not have truncated domes; 9) the 7-Eleven curb ramp and flared sides slopes are steep; 10) the 7-Eleven parking ground sign is not visible and clear; 11) the path of travel to the Red Box drops is steep; 12) some doors do not have sufficient clear space at the bottom; 13) The new curb cuts do not differ in color than sidewalk; 14) some doors have high thresholds. 15) there is no ADA sign on the 7-Eleven's door and clear space of door slopes is steep; 16) cashier counter inside the 7-Eleven is too high and reach range for Lottery reading results machine is blocked and high; 17) reach range throughout the 7-Eleven is high. Plaintiff will seek leave to amend if additional accessibility barriers are identified at the joint site inspection.

17. As a result of Defendants' discriminatory acts and omissions, Plaintiff was, and continue to be, denied full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages, or accommodations offered by the Center and the 7-Eleven to the general public, and have suffered discrimination, humiliation, pain, emotional distress, and embarrassment, all to his damage.

18. On information and belief, Defendants continue to deny Plaintiff (and other disabled persons who use wheelchairs or other mobility aids) full and equal access to the Center and the

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 6 of 14

7-Eleven as long as accessibility barriers and discriminatory policies exist. Plaintiff enjoys shopping and would like to enjoy the services and goods offered by the Center and the 7-Eleven to the same extent as the general public, but he is deterred from returning due to the access barriers that exist and the discriminatory policies that are utilized. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, resulting in ongoing and irreparable injury.

## V.   FIRST CAUSE OF ACTION:
### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990 (42 U.S.C. § 12101 *et seq.*)

19. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 18 of this Complaint, and incorporates them herein as if separately repled.

20. In 1990 the United States Congress found that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities." During congressional hearings for the ADA, Congress stated that its purpose was "to provide a clear and comprehensive national mandate...to provide clear, strong, consistent, enforceable standards," and to address the "major areas of discrimination faced day-to-day by people with disabilities." [42 U.S.C. § 12101(b)] Plaintiffs are persons that Congress sought to protect with enforceable standards to redress discrimination and require that Defendants' facilities be made "accessible to and usable by persons with disabilities." [42 U.S.C. § 12188(a)(2)]

21. As part of the ADA, Congress passed "Titles II and III. Title II of the ADA prohibits discrimination by public entities in the operation of any program, serve or activity on the basis of disability. [42 U.S.C. § 12132 *et seq.]* Title III of the ADA prohibits discrimination by public accommodations on the basis of disability [42 U.S.C. § 12181 *et seq.*], and mandates that the goods, services, facilities, privileges, advantages, and accommodations of public accommodations be afforded to an individuals with disabilities in the most integrated settings possible. [42 U.S.C. § 12182(b)(1)(B)]

22. On information and belief, Defendants are the owners and lessors of the subject

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 7 of 14

property and required parties for injunctive relief.

23. "Public accommodations" for purposes of this title, include "a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation." [42 U.S.C. § 12181(7)(E)] the Center and the 7-Eleven are a place of public accommodation under the ADA.

24. Title III applies to "any person who owns, leases (or leases to), or operates a place of public accommodation." [42 U.S.C. § 12182(a)] Defendants own, lease (or lease to) and/or operates a place of public accommodation.

25. Under Title III, illegal discrimination is defined to include:

> A. "a failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities...;
>
> B. a "failure to remove architectural barriers... that are structural in nature, in existing facilities... where such removal is readily achievable;"

26. Title III also makes it discriminatory to:

> A. "subject an individual or class of individuals on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, to a denial of the opportunity of the individual or class to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity;"
>
> B. "afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals;" and
>
> C. "provide an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with a good, service, facility, privilege, advantage, or accommodation that is different or separate from that provided

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 8 of 14

to other individuals, unless such action is necessary to provide the individual or class of individuals with a good, service, facility, privilege, advantage, or accommodation, or other opportunity that is as effective as that provided to others"

[42 U.S.C. §§ 12182(b)(1)(A)(i), (ii) and (iii)]

27. The acts and omissions of Defendants set forth herein were in violation of Plaintiff's rights under Title III of the ADA and the regulations promulgated under 28 C.F.R. Part 36.

28. On information and belief, Defendants have made alterations or renovations to the Center and the 7-Eleven since January 26, 1992, yet failed to ensure that, to the maximum extent feasible, the altered portions of the facilities are readily accessible to and usable by individuals with disabilities, including Plaintiff and other individuals who use wheelchairs or other mobility aids. [42 U.S.C. § 12183(a)(2)]

29. On information and belief, Defendants have also failed to comply with their ongoing obligation to remove barriers, and/or provide path of travel upgrades to remove barriers to the Center and the 7-Eleven, including, but not limited to, the following: 1) driveway tow away sign lacks information; 2) no path of travel from public right of way; 3) no ADA parking sign in front of the 7-Eleven; 4) the ADA parking access aisle in front of the 7-Eleven striped in white; 5) the ADA parking access aisle in front of the 7-Eleven is steep; 6) the ADA parking in front of the 7-Eleven is steep; 7) the curb ramp does not differ in color from sidewalk; 8) the 7-Eleven curb ramp does not have truncated domes; 9) the 7-Eleven curb ramp and flared sides slopes are steep; 10) the 7-Eleven parking ground sign is not visible and clear; 11) the path of travel to the Red Box drops is steep; 12) some doors do not have sufficient clear space at the bottom; 13) The new curb cuts do not differ in color than sidewalk; 14) some doors have high thresholds. 15) there is no ADA sign on the 7-Eleven's door and clear space of door slopes is steep; 16) cashier counter inside the 7-Eleven is too high and reach range for Lottery reading results machine is blocked and high; 17) reach range throughout the 7-Eleven is high. The removal of said barriers is, and was at all times herein mentioned "readily achievable" under the standards of the ADA and California law.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 9 of 14

30. Pursuant to Title III of the ADA [42 U.S.C. § 12188], Plaintiffs are entitled to the remedies and procedures set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a) [§ 204(a)], as Plaintiff is being subjected to discrimination on the basis of disability in violation of this title. On information and belief, Defendants have continued to violate the law and deny Plaintiff's rights and the rights of other individuals with mobility disabilities, to equal access and use of the Center and the 7-Eleven during the two years preceding the filing of this Complaint. Pursuant to 42 U.S.C. § 12188(a)(2): "In the case of violations of sections 302(b)(2)(A)(iv) [42 U.S.C. § 12182(b)(2)(A)(iv)] and section 303(a) [42 U.S.C. § 12183(a)], injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title... injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title."

31. Plaintiff seeks relief pursuant to remedies set forth in the Civil Rights Act of 1964, 42 U.S.C. § 2000(a)-3(a) [§ 204(a)] and pursuant to Federal Regulations adopted to implement the ADA, including, but not limited to, an order granting injunctive relief and attorneys' fees, litigation expenses and costs pursuant to 42 U.S.C. § 12205. Plaintiff is qualified individuals with disabilities for purposes of the ADA, who was, and continue to be, subjected to discrimination on the basis of disability in violation of Title III, and who has reasonable grounds for believing he will be subjected to such discrimination each time that he may attempt to visit or use the Center and/or the 7-Eleven.

### VI.  SECOND CAUSE OF ACTION:
### DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL OF FULL AND EQUAL ACCESS TO A PUBLIC ACCOMMODATION (Cal. Health & Safety Code § 19955 *et seq.*; Cal. Civ. Code §§ 51, 54, and 54.1 *et seq.*)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 31 of this Complaint, and incorporate them herein as if separately repled.

33. California Health & Safety Code § 19955 *et seq.* were enacted "[t]o ensure that public

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 10 of 14

accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 of Division 5 of Title 1 of the Government Code." Such public accommodations are defined to include "a building, structure, facility, complex, or improved area which is used by the general public..." On information and belief, California building standards pursuant to California Code of Regulations, Title 24-2 ("Title 24-2") were in effect at the time the Center and the 7-Eleven were constructed and at all times following, requiring Defendants to comply with California accessibility standards implemented for the protection of Plaintiff and other physically disabled persons since July 1, 1982.

34. On information and belief, the public facilities complained of herein were added to, renovated and/or structurally repaired by Defendants since its original construction, subjecting such facilities to disabled access requirements pursuant to Health & Safety Code § 19955 *et seq.*

35. Plaintiff and other similarly situated physically disabled persons, who require the use of a wheelchair or other mobility aid, are unable to use the Center, the 7-Eleven and other public accommodations on a "full and equal" basis unless each such facility is in compliance with the provisions of applicable regulations for Title III public accommodations (42 U.S.C. § 12181 *et seq.*), Health & Safety Code § 19955 *et seq.*, and Title 24-2, which are designed to ensure full and equal access for persons with disabilities in public accommodations. Plaintiff is a members of that portion of the public whose rights are protected by the provisions of Health & Safety Code § 19955 *et seq.* and California Civil Code §§ 51, 54, and 54.1.

36. As a result of the denial of equal access to the Center and the 7-Eleven, due to the acts and omissions of Defendants and each of them in owning, operating, leasing, constructing, altering, and maintaining the subject facilities, Plaintiff suffered a violation of his civil rights including, but not limited to, rights under Civil Code §§ 51, 54, 54.1, and 54.3, and suffered physical injury, pain and suffering, mental and emotional distress, embarrassment and humiliation, statutory damages, and general damages. Defendants' acts and omissions constituted discrimination against Plaintiff on the basis that he is physically disabled and unable, because of the architectural barriers and discriminatory policies established by Defendants in violation of the subject laws, to use the Center and the 7-Eleven on a "full and equal" basis as other persons. Plaintiff seeks trebling of all actual damages, general and special, as provided by California Civil Code §§ 52 and 54.3.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 11 of 14

37. The lack of proper access features as pled herein prevents Plaintiff from full and equal use of the premises and thus continues to discriminate against him and deny him "full and equal access" since his visits within the two years preceding the filing of this Complaint and until such time as Defendants remove barriers to access at the Center and the 7-Eleven and stop their discriminatory policies. Further, any violation of the ADA (as pled in the First Cause of Action hereinabove, the contents of which are repled and incorporated herein, word for word, as if separately repled), also constitutes a violation of California Civil Code §§ 51, 54(c), and 54.1(d), thus independently justifying an award of damages and injunctive relief pursuant to California law, including, but not limited to, Civil Code §§ 52, 54.3, and 55.

38. Plaintiff has been damaged by Defendants' wrongful conduct and seek the relief that is afforded by Civil Code §§ 52, 54, 54.1, 54.3 and 55. Plaintiff seeks actual damages, general and special damages, statutory damages, treble damages, and preliminary and injunctive relief to enjoin and eliminate the access barriers and Defendants' discriminatory practices respecting denial of equal access for disabled persons and for reasonable attorneys' fees, litigation expenses and costs.

39. **Request for Injunctive Relief:** The acts and omissions of Defendants as complained of herein are continuing to have the effect of wrongfully excluding Plaintiff and other members of the public who are physically disabled, including persons who use wheelchairs and other mobility aids, from full and equal access to the Center and the 7-Eleven. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second class citizen and serve to discriminate against him on the sole basis that he is a person with disabilities who requires the use of wheelchair or other mobility aids for movement in public places. Plaintiff is unable, so long as such acts and omissions of Defendants continue, to achieve equal access to and use of these public facilities. The acts of Defendants have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this court.

40. Wherefore, Plaintiff asks this court to preliminarily and permanently enjoin any continuing discriminatory policies excluding disabled persons from patronizing the Center and the 7-Eleven and to grant such access to Plaintiff and to require Defendants to comply forthwith with the applicable statutory requirements relating to access for disabled persons in places of

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 12 of 14

public accommodation and modification of policies and procedures. Such injunctive relief is provided by Health & Safety Code § 19953 and California Civil Code §§ 52, 54.3, and 55. Plaintiff further requests that the court award general, compensatory, and statutory damages, costs, litigation expenses, and attorneys' fees to Plaintiffs pursuant to Health & Safety Code § 19953, Civil Code §§ 52 or 54.3 and 55, and Code of Civil Procedure § 1021.5, all as hereinafter prayed for.

41. As a result of Defendants' acts and omissions in this regard, Plaintiff has been required to incur legal expenses and attorney fees, as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the laws protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff therefore seeks recovery of all reasonable attorney fees and costs, pursuant to the provisions of Civil Code §§ 52 or 54.3 and 55. Additionally, Plaintiff's lawsuit is intended not only to obtain compensation for damages to Plaintiff, but also to require the Defendants to make their public facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure § 1021.5.

Wherefore, Plaintiff prays for damages and injunctive relief hereinafter stated:

### *PRAYER*

### *FIRST CAUSE OF ACTION*

1. For injunctive relief under Title III of the ADA, including ordering Defendants "to alter the facilities to make such facilities readily accessible to and usable by individuals with disabilities," and to eliminate or modify discriminatory policies as required by law;

2. For attorneys' fees, litigation expenses and costs of suit, pursuant to Title III of the ADA [42 U.S.C. § 12205] and attendant regulations; and

3. For such other and further relief as the court may deem proper.

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990

Page 13 of 14

***SECOND CAUSE OF ACTION***

1. General, compensatory, and statutory damages in an amount within the jurisdiction of this court, and that these damages be trebled according to statute;

2. Special and consequential damages according to proof;

3. For injunctive relief prohibiting operation of Defendants' public accommodations until they provide full and equal access to physically disabled persons, and requiring that such access be immediately provided;

4. For attorneys' fees and litigation expenses pursuant to California Civil Code §§ 52 or 54.3 and 55, California Health & Safety Code § 19953, and California Code of Civil Procedure § 1021.5;

5. For all costs of suit; and

6. Such other and further relief as the Court may deem just and proper.


Dated: 04/20/2014                         /s/    *Irene Karbelashvili*
                                          Irene Karbelashvili, Attorney for
                                          Plaintiff RICHARD JOHNSON


***DEMAND FOR JURTY RIAL***

Plaintiff hereby demands a jury for all claims for which a jury is permitted.


Dated: 04/20/2014                         /s/    *Irene Karbelashvili*
                                          Irene Karbelashvili, Attorney for
                                          Plaintiff RICHARD JOHNSON

---

Complaint for Preliminary and Permanent Injunctive Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990